IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24-154-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| STEVEN DWAYNE SCOTT, | |
| Defendant. | |

Defendant Steven Dwayne Scott filed a Motion in Limine to Exclude the Government's Proposed 404(b) and 414 Evidence. (Doc. 26). The Motion is fully briefed and ripe for the Court's review. (*See* Docs. 23, 26, 27, 30).

For the following reasons, the Court denies Scott's Motion.

## I.   Background

On November 6, 2024, a grand jury returned a three-count indictment charging Scott with: Attempted Coercion and Enticement in violation of 18 U.S.C. § 2422(b) (Count 1); Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count 2); and Commission of a Sex Offense by a Registered Sex Offender in violation of 18 U.S.C. § 2260A (Count 3). (Doc. 2).

The Government filed notice, pursuant to Federal Rules of Evidence 404(b) and 414, apprising the Court and Scott of its intent to introduce the following prior acts evidence at trial:

1

1. Scott's 1997 federal conviction for sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a).

2. Scott's electronic communication with Jane Doe 1, a then 14-year-old minor between October and November 2018. The communications progressed to Scott's offer of compensation [for] sexually explicit content from Jane Doe 1, who did provide images to Scott.

3. Scott's electronic communication with Jane Doe 2, a then 17-year-old minor. Law enforcement discovered sexually explicit content of Jane 2 in Scott's social media account.

4. Scott's social media account from 2018 detailing Scott's interactions and solicitations of explicit content from alleged minors.

(Doc. 23 at 3). Jane Does 1 and 2 are expected to testify at trial. Scott seeks to exclude the prior acts evidence from being introduced at trial under Federal Rules of Evidence 414 and 403.

## II.    Legal Standard

A motion in limine is a procedural mechanism to limit in advance specific testimony or evidence. *Frost v. BNSF Ry.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). The Court will grant a motion in limine if the contested evidence is inadmissible on all potential grounds. *Id.*

Rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [their] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, the Court may readdress any of the parties' motions in limine as necessary at trial.

/ / /

2

## III.  Analysis

Scott moves to exclude the Government's proposed prior acts evidence under Rule 414 and Rule 403 of the Federal Rules of Evidence, arguing that the factors discussed in *United States v. Lemay*, 260 F.3d 1018 (9th Cir. 2001), weigh against admission and that the probative value of the evidence is substantially outweighed by unfair prejudice.  (Doc. 26 at 4–7, 9–10).

While the Court's ultimate ruling rests on its balancing probative value against prejudicial harm pursuant to Rule 403, the starting place for its analysis is Rule 414(a).  *E.g.*, *United States v. Thornhill*, 940 F.3d 1114, 1117 (9th Cir. 2019).

### A.  *Rule 414*

Rule 414 provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414.  Thus, three criteria must be satisfied for the rule to apply: first, the defendant must be accused of an offense involving child molestation; second, the prior act must be an offense involving child molestation; and third, the proffered evidence must be relevant.

Here, the Court finds that the criteria are satisfied.  First, the term "child molestation" encompasses the crimes of which Scott is accused in Counts 2 and 3. *Id.* 414(d)(2)(B) ("child molestation means a crime under federal or under state law

3

involving: any conduct prohibited by 18 U.S.C. chapter 110." Chapter 110 includes 18 U.S.C. §§ 2252A and 2260 (Counts 2 and 3)). As to Count 1, courts have ruled that 18 U.S.C. § 2422(b) satisfies the definitions in Rule 413 for "sexual assault" and in Rule 414 for "child molestation." *E.g.*, *United States v. Wager*, 651 F. Supp. 3d 594, 600–01 (N.D.N.Y 2023); *cf. United States v. Schaffer*, 2014 WL 1515799 (E.D.N.Y. Apr. 18, 2014). As Scott does not argue otherwise, the Court finds that "child molestation" encompasses the crime reflected in Count 1.

Second, the Ninth Circuit has rejected the notion "that district courts may *only* introduce prior acts . . . for which a defendant has been tried and found guilty." *LeMay*, 260 F.3d at 1029 (emphasis in original). Instead, "the admissibility of other act evidence under [Rules 413–415] is governed by Federal Rule of Evidence 104(b), the rule of conditional relevance." *United States v. Norris*, 428 F.3d 907, 914 (9th Cir. 2005). Thus, the Court must examine "all the evidence in the case and decide[ ] whether the jury could reasonably find the conditional fact—[here, that Scott engaged in offenses of child molestation]—by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988). Scott does not contest this requirement except for one sentence in his brief, in which he states: "[O]ne of the Jane Doe[]s was 17 at the time of the alleged contact with Scott and is therefore not a child as defined by Rule 414." (Doc. 27 at 9); *see* Fed. R. Evid. 414(d)(1) (A "child means a person below the age of 14."). While technically true,

there is "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." *United States v. LeCompte*, 131 F.3d 767, 769 (9th Cir. 1997). Indeed, Rule 414 and its sisters at Rules 413 and 415 "establish[ed] a presumption . . . *favoring* the admission of propensity evidence at . . . trials involving charges of sexual misconduct." *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004). Aside from Scott's single sentence arguing that Jane Doe 2 falls outside the scope of Rule 414 because of her age, Scott offers no other reason why the prior act would not constitute child molestation under the preponderance of evidence standard. Therefore, based on legislative initiative favoring admission, and because Scott fails to argue otherwise, the Court concludes that a reasonable jury could find by a preponderance of the evidence that Scott engaged in child molestation within the meaning of Rule 414.

Third and finally, no party disputes that the Government's proffered evidence "is relevant[,] because common sense suggests that someone with a propensity to do something is more likely to do the same thing again[;] [t]he evidence, therefore, makes a fact of consequence more or less likely." *United States v. Rogers*, 587 F.3d 816, 821 (7th Cir. 2009); *see* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action.").

In sum, the Government's proposed evidence falls within the scope of Rule 414. However, Rules 413–415 "establish[ed] a presumption—but not a 'blank check'—favoring the admission of propensity evidence . . . ." *Sioux*, 362 F.3d at 1244 (citation omitted). Consequently, evidence admissible under Rule 414 remains subject to balancing pursuant to Rule 403. *Thornhill*, 940 F.3d at 1118.

B.    *Rule 403*

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Because "evidence of a defendant's prior sex crimes will always present the possibility of extreme prejudice . . . district courts must . . . conduct the Rule 403 balancing inquiry in a careful, conscientious manner that allows for meaningful appellate review of their decisions." *LeMay*, 260 F. 3d at 1031. To that end, courts in the Ninth Circuit examine the following five factors to determine whether to admit 414 evidence:

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial.

*Id.* at 1028, 1031 (citation and internal quotation marks omitted). Additionally, courts may consider "any other[] [factors] that might have relevance in a particular case. *Id.* at 1031.

Before analyzing the *LeMay* factors, however, the Court acknowledges the "inherently prejudicial nature of [propensity] evidence" admissible under 414.

*United States v. Weber*, 793 Fed. App'x 586, 587 (9th Cir. 2020).   However, "[b]ecause Rule [414] identifies this propensity inference as proper, the chance that the jury will rely on that inference can no longer be labeled as 'unfair' for purposes of the Rule 403 analysis." *Cf. Rogers*, 587 F.3d at 822.   Thus, to exclude evidence based solely on the prejudicial effect of the propensity inference would be "problematic." *Id.* at 823.

That is not to say, though, that evidence falling within 414 is not *per se* non-prejudicial. *Id.* (explaining that propensity evidence may be improper where a jury is likely to convict based on the appalling nature of the prior act, or because they think the defendant is a "bad person" generally deserving of punishment).   Still, "that prior acts evidence is inflammatory is not dispositive in and of itself." *LeMay*, 260 F.3d at 1030.   Instead, a district court must "carefully evaluate the potential inflammatory nature of the proffered testimony" and balance it against each factor analyzed below. *Id.*

With these principles in mind, the Court takes each *LeMay* factor in turn.

### 1.    Similarity of the Prior Act to the Charged Act

A prior act of molestation admissible under Rule 414 "need not be identical to [the charged offense] to have substantial probative value." *United States v. Erramilli*, 788 F.3d 723, 729 (7th Cir. 2015).   Here, Scott concedes that the prior acts and the charged acts "involve children and are sexual in nature." (Doc. 27 at

4). He is right, and the differences on which he focuses fail to minimize the probative value of the prior conduct in any meaningful way.

True, Scott's prior conviction was a "hands on" offense that occurred 28 years ago. Though a "hands on" offense, a "possession" offense, and an "enticement" offense differ by degree, the victims in each offense are similar in age—minors ranging from 12–17. *See Thornhill*, 940 F.3d at 1119 (citing *United States v. Spoor*, 904 F.3d 141, 154–55 (2d Cir. 2018) (adopting the *LeMay* factors in a child pornography trial and upholding the district court's decision to admit a prior conviction of sexual abuse of two boys where the boys were "similar in age to the boys in the videos"). Moreover, courts have admitted evidence with significant time lapses, sometimes decades old. *See, e.g., LeMay*, 260 F.3d at 1023 (11-year lapse in time); *United States v. Medicine Horse*, 544 F. App'x 678, 679 (9th Cir. 2013) (more than 40-year lapse in time). For these reasons, Scott's prior conviction for sexual abuse of a minor is similar to the charged acts.

Next, Scott's prior conduct on social media, including his interactions with Jane Does 1 and 2, is substantially similar to his actions underlying Count 1. In every instance, Scott went online, communicated with minors, and sought sexually explicit content. In some instances, Scott's interactions involved compensation in exchange for sexually explicit content. While the Government "does not know" whether Scott made similar compensatory exchanges with Jane Doe 2, Scott

8

nevertheless accessed and stored Jane Doe 2's sexually explicit content through an online interaction. (Doc. 30 at 6). Likewise, Scott accessed and stored other types of sexually explicit content from "numerous" interactions with alleged minors in 2018. (Doc. 23 at 3). Each event involved acts of soliciting sexually explicit material from minors, which the Court finds to be substantially similar to the crime charged and highly relevant.

Thus, the Court finds that the first *LeMay* factor weighs in favor of admission.

### 2.      Closeness in Time of the Prior Act to the Act Charge

Scott concedes that the second *LeMay* factor weighs in the Government's favor, as courts have "upheld admission of evidence of acts up to twelve years old." (Doc. 27 at 5). Thus, the Court weighs this factor in favor of admission. *See Thornhill*, 940 F.3d at 1120 ("There is no bright line rule for precluding evidence that is remote in time.").

### 3.      Frequency of the Prior Act

Frequency of the prior act concerns "the number of prior acts the defendant committed regardless of the victim's identity." *United States v. Birdsbill*, 96 F. App'x 721, 723 n.2 (9th Cir. 2004) (citing *LeMay*, 260 F.3d at 1029). Scott states that "[o]ther than the identified Jane Doe[s,] the frequency is not certain." (Doc. 27 at 6). He then concedes that "[e]vidence of reoccurring similar conduct illustrates that the previous child molestation offense was not an isolated occurrence." (*Id.*).

Scott's argument is unclear due to these conflicting statements. Regardless, the Government's proposed evidence includes at least three incidents where Scott sought sexually explicit material from minors, suggesting that Scott's attempted coercion (Count 1) and possession of child pornography (Count 2) in 2024 were not isolated occurrences. *See LeMay*, 260 F.3d at 1029.

Thus, the Court weighs this factor in favor of admission.

### 4.    *Presence or Lack of Intervening Circumstances*

Scott next contends that he has not "engaged in intervening misconduct" in the time between the prior acts and the charged acts. (Doc. 27 at 6). True, he has not been incarcerated and has "had access to minors," "including his own children and stepchildren" since 2018. (*Id.*). However, the Government suggests that Scott stretches the meaning of an intervening period, arguing the period of six years (2018–2024) is short and thus, should weigh in favor of admission. (Doc. 30 at 10). Likewise, "given that [there] really was no intervening period" between the prior acts and the charged conduct, the Government notes this factor is of little relevance. (*Id.* (citing *LeMay*, 260 F.3d at 1029)).

The Ninth Circuit has rejected the argument that a significant lapse of time between the instant offense and the prior acts constitutes an intervening circumstance that should weigh against admission. *United States v. Stern*, 391 Fed. App'x 621, 622 (9th Cir. 2010) ("[T]he fact that [the defendant] engaged in unlawful

sexual acts . . . as a teenager . . . and then again as an adult, [does not] suggest that the passage of time constitutes an intervening circumstance that favors him under the fourth factor."). Therefore, the Court rejects Scott's argument.

Moreover, "[t]he second, third, and fourth factors are inseverably linked and must be analyzed together." *United States v. Charles*, 691 Fed. App'x 367, 370 (9th Cir. 2017). Considering the temporal proximity of the prior acts, in light of the frequency of prior acts, Scott has engaged in a pattern of seeking sexually explicit material from minors regardless of the six-year gap between 2018 and 2024. Thus, the Court weighs this factor in favor of admissibility.

### 5.     Necessity of the Prior Act Evidence

"Prior acts evidence need not be *absolutely necessary* to the prosecutor's case in order to be introduced; it must simply be helpful or *practically necessary*." *LeMay*, 260 F.3d at 1029 (emphasis in original). In this case, Scott argues that introducing the prior act evidence is unnecessary given that the Government "has a strong forensic case and will at a minimum have two alleged victims testifying in court." (Doc. 27 at 6–7). In response, the Government contends that it will be crucial to show the jury "that Scott had the mindset to engage" in the charged conduct, and thus, the prior acts evidence is necessary. (Doc. 30 at 10–11).

Of course, as to Counts 2 and 3, forensic evidence will be necessary to show that Scott was in possession of child pornography and similarly that he was required

11

to register as a sex offender when the offenses occurred. As to Count 1, the Government will need to show that Scott "knowingly" enticed a minor to engage in sexual activity because "it is the defendant's intent that forms the basis for his criminal liability, not the victims'." 18 U.S.C. § 2422(b); *see United States v. Rashkovski*, 301 F.3d 1133, 1137 (9th Cir. 2002). So, even if the Government can link Scott to the social media account through forensic evidence, as Scott suggests, the Government still needs to show that Scott convinced or influenced minor children to give him sexually explicit material. The relevance of the prior acts achieves this goal by demonstrating a pattern of similar behavior and thus, it makes the evidence "practically necessary." The Court weighs this final factor in favor of admission.

C.    *Minimizing the Risk of Unfair Prejudice*

Because the Court weighs all five *LeMay* factors in favor of admitting the prior acts evidence, it is compelled to indicate the procedural safeguards it will likely impose at trial to prevent any unfair prejudice.

First, the Court will admonish the Government to "limit its presentation to evidence that is necessary to convey the essential facts underlying the [ ] prior offenses and limit the emotional testimony from the prior victims." *See Erramilli*, 788 F.3d at 726. Second, the Court will likely give the jury a limiting instruction before the prosecution presents its Rule 414 evidence. Third, after both sides rest,

12

the Court will probably remind the jury that Scott is "on trial for the acts in the [I]ndictment, and not for the [prior acts]." *LeMay*, 260 F.3d at 1024. And fourth, the Court will almost certainly give a final limiting instruction to the jury, again reminding it that Scott "is not on trial for any conduct or offense that is not charged in the [I]ndictment. [The jury] should consider any evidence about other acts of the defendant that [it] ha[s] heard . . . only as those acts may bear on the matter that is relevant in this case." *Id.*

## IV.    Conclusion

For the foregoing reasons, IT IS ORDERED that the prior acts evidence is admissible under Rule 414 and because all five *LeMay* factors weigh in favor of admission pursuant to Rule 403, the Court is inclined to admit the prior acts evidence at trial. Accordingly, Defendant Steven Dwayne Scott's Motion in Limine to Exclude the Government's Proposed Evidence (Doc. 26) is DENIED.

DATED this ⎯5ᵗʰ⎯ day of September, 2025.

SUSAN P. WATTERS
United States District Judge