GILLIAN E. GOSCH
Assistant Federal Defender
**Federal Defenders of Montana**
Billings Branch Office
175 North 27th, Suite 401
Billings, Montana 59101
gillian_gosch@fd.org
Phone: (406) 259-2459
Fax: (406) 259-2569

Hannah S. Willstein
GOETZ, GEDDES & GARDNER, P.C.
35 North Grand Ave.
P.O. Box 6580
Bozeman, MT 59771-6580
Ph:     406-587-0618
Fax:    406-587-5144
Email: hwillstein@goetzlawfirm.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br>　v.<br><br>STEVEN DWAYNE SCOTT,<br>　　　　　　　　　Defendant. | Cause No. CR-24-154-BLG-SPW<br>　Hon. Susan P. Watters<br><br>DEFENDANT'S SENTENCING<br>MEMORANDUM |

　　　　COMES NOW Defendant STEVEN DWAYNE SCOTT, by and through

Defendant's counsel of record, GILLIAN E. GOSCH, Assistant Federal Defender,

and HANNAH S. WILLSTEIN, and offers this Sentencing Memorandum to this Honorable Court for Scott's sentencing hearing scheduled for January 8, 2026, at 1:30 p.m.

## INTRODUCTION

On November 6, 2024, Scott was named in a three count indictment charging him with Count I Attempted Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), Count II Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and Count III Commission of Sex Offense by Registered Sex Offender, in violation of 18 U.S.C. § 2260A.

On March 17, 2025, Scott appeared before United States Magistrate Judge Timothy J. Cavan for an Initial Appearance and Arraignment. He entered a plea of not guilty to the Indictment and was remanded to the custody of the United States Marshals Service. On March 24, 2025, Scott again appeared before Judge Cavan for a Detention Hearing. He was released to pre-trial supervision pending further proceedings. Scott complied with all Court ordered conditions of release while on pre-trial supervision. On September 15 and 16, 2025, Scott appeared before United States District Judge Susan P. Watters for a Jury Trial. Prior to trial, the Government filed a motion to dismiss Count 3 of the Indictment. This motion was granted. At the conclusion of the trial, the defendant was found guilty of Counts I

2

and II.

## ADVISORY GUIDELINE RANGE

Scott's total offense level is 37 and his criminal history category is V. His advisory guideline range is therefore 324 to 405 months. Scott will have 156 days of credit at the time of sentencing.

## DISCUSSION

The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide a just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with the needed training, medical care, or correctional treatment. *United States v. Carty*, 520 F. 3d 984, 991, (9th Cir. 2008), 18 U.S.C § 3553(a).

Scott is a 51-year-old member of his community in North Dakota. He has three adult children who he sporadically sees. Scott, however, also has two younger children aged 11 and 10. L.S. and T.S are a large part of his life. He is involved in their parenting and hopes to continue being an active and present father even after he is sentenced.

Scott maintains his innocence but understands that a jury found him guilty of Counts I and II. Scott's criminal history, health and age are all reasons why his

3

sentence should be 210 months or below.

## I. Criminal History and Victim Impact

Scott previously pled guilty to a prior charge, but the pre-sentence report states that his criminal history score from his past convictions is a score of zero. Due to the nature of Counts I and II, the PSR scores his criminal history at a V. This enhancement is provided by USSG § 4B1.5. Scott maintains the enhancement does not reflect the conduct charged in Counts I and II.

The Government did not present evidence that Scott had any physical contact with the victims in its case at trial. Scott likewise maintains his innocence and lack of physical contact with the victims at trial. Moreover, Count I centered around an undercover law enforcement agent. The conduct alleged in Count II involved Snapchat and the alleged contact with victims took place via this application. The category V enhancement does not proportionately encapsulate this low level of victim interaction because electronic communications are farther removed from physical victim interactions.

If Scott's criminal history category did stay at zero (I), his guideline range would be 210–262 months. This range more accurately reflects the conduct alleged in Counts I and II.

## II.     Health Issues and Age

Scott suffers from various physical ailments. His time in prison will only exacerbate the symptoms as he enters old age. Scott accepts that his guideline range is not small. Yet, a just punishment can be achieved without Scott spending the likely remainder of his life in prison. Mr. Scott suffers from diabetes, Crohn's disease, long COVID, and has experienced 2 mild strokes and a heart attack. Scott maintains that his health will only further deteriorate with age and time in prison. He hopes this Court will take his health into account when determining his sentence. Scott requests that he be recommended to serve his sentence at the Federal Medical Facility in Rochester Minnesota.

## CONCLUSION

Scott is a member of his community who hopes to continue being an active father for his younger children. He did not have any in-person contact with the alleged victims nor was there any mention of violence directed at the victims in the Government's case at trial. Scott is not young. Prison will only make his many health issues worse with time. A sentence of 210 months or below is appropriate to punish and rehabilitate him while avoiding certain pitfalls and health risks.

DATED this 22nd day of December, 2025.

_____
Hannah S. Willstein

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record, by the means designated below, this 22nd day of December, 2025.

☐ U.S. Mail
☐ Federal Express
☐ Hand-Delivery
☒ Via CMECF
☐ E-mail

Zeno Baucus
U.S. ATTORNEY'S OFFICE
2601 Second Avenue N, Ste 3200
Billings, MT 59101
zeno.baucus@usdoj.gov

_____
Hannah Willstein

6